CASE 42—PROSECUTION AGAINST JOHN J. FLETCHER FOR FELONIOUSLY
TAKING LUMBER FROM A CHURCH—MAY 27.

# Fletcher v. Commonwealth.

APPEAL FROM CLAY CIRCUIT COURT—H. C. FAULKNER, CIRCUIT JUDGE

DEFENDANT CONVICTED AND APPEALS. REVERSED.

REMOVAL OF LUMBER FROM A CHURCH—CRIMINAL LIABILITY—CON-
STRUCTION OF STATUTE—FELONIOUS INTENT—EVIDENCE.

1. Ky. St., 1903, sec. 1162, punishing the felonious taking out of
   or from a church, meeting house, school house, court house or other
   public building any goods or thing of value "belonging thereto,"
   punishes the removal of appendages and appurtenances belonging
   to the building itself and used in connection with it, but does
   not apply to loose lumber which did not belong to and was not to
   be used in connection with the building itself.
2. A person who, without attempting to conceal his act, took planks
   from a loose pile of lumber in a church building, and voluntarily
   restored other lumber of substantially the same kind and value
   did not remove the lumber with the felonious intent required
   by Ky. St. 1903, sec. 1162, punishing the felonious taking of
   goods belonging to enumerated buildings, even if the statute is ap-
   plicable to such lumber.
3. The inconsiderable value of the lumber removed from a pile of
   loose lumber in a church building by defendant on trial charged
   with a violation of Ky. St. 1903, sec. 1162, is material evidence
   on the question of felonious intent.

B. B. GOLDEN AND D. K. RAWLINGS, ATTORNEYS FOR APPELLANT.

1. The evidence in this case shows that there was some lumber
left in the Pleasant Run Church after the seats were made, and
that the defendant on two different occasions in broad, open
daylight, and in the presence of a number of persons, went into
the church and took each time a small piece of lumber for which
he had special use, and each time replaced it with lumber of his
own, the value of the lumber taken being of less value than
nineteen cents.

2. The indictment is for taking lumber from Pleasant Grove
Meeting House. The evidence shows it was taken from the
Pleasant Run Meeting House. We submit that a conviction for

Fletcher v. Commonwealth.

taking from one of these houses would not bar an indictment for having taken from the other.   Hensley v. Com., 1 Bush, 11.

We submit that the evidence wholly fails to show felonious or other criminal intent, and the defendant's motion for a peremptory instruction should have been sustained.

N. B. HAYS, Attorney General, and LORAINE MIX, for Common-
WEALTH.

1. The evidence by the Commonwealth showed that the defendant was seen to pass behind the Pleasant Run church in the day time and return with a plank under his arm, ten or twelve feet long and twelve or fourteen inches wide. The church window was out of view of the witnesses, but had been open and a rail placed there to climb up through the window. The defendant was engaged in horseshoeing and wagon making, and admitted he took a plank which he needed, leaving one in its place, and in this he is corroborated.

Under the evidence we think the court properly refused to peremptorily instruct the jury to find defendant not guilty.

2. The indictment was for taking from Pleasant Grove meeting house on Raider's creek in Clay county and the proof showed there was no Pleasant Grove meeting house on Raider's creek, but that Pleasant Run meeting house was on Raider's creek, and that Pleasant Grove meeting house was six miles away, and not on Raider's creek.  We submit that this was not such a material variance as to authorize a dismissal of the prosecution under the evidence.

Opinion of the court by Chief Justice BURNAM—Reversing.

The appellant, John J. Fletcher, was accused by the grand jury of Clay county of violating section 1162 of the Kentucky Statutes of 1903 by a felonious taking from the Pleasant Run Meetinghouse of plank, lumber, and other things of value, with the intention of converting same to his own use. Being put upon his trial before a petit jury, he was convicted. It was shown by the testimony for the Commonwealth that he was engaged in the business of blacksmithing and repairing vehicles of all kinds a short distance from the Pleasant Run Church, on Raider's creek, in Clay county, Ky., and that during the month of October, 1902, he went to the church

Fletcher v. Commonwealth.

and took therefrom a board about 10 or 12 feet in length and 12 or 14 inches wide, carried it to his shop, and used it in the construction of a wagon bed for. one of his customers; and that on another occasion, near the same time, he took another piece of plank from the church while in company with one Jule Hacker. Both of these boards were taken in the daytime, without the slightest attempt at concealment, the defendant remarking at the time that he wanted a piece cf seasoned lumber, and would return other boards in the place of those taken by him. It is also shown that he did return boards of approximately the same size as those taken. It appears that several years before a lot of lumber had been taken into the church for the purpose of manufacturing seats for the congregation, and that, after finishing the number required, several hundred feet of lumber was left over, which was left in the meetinghouse; and that the boards taken by defendant were a part of this surplus lumber, which had become well seasoned in the meantime. The section of the statute under which appellant is proceeded against reads as follows: "If any person shall feloniously take out of or from any church, chapel, or meetinghouse, schoolhouse, courthouse, or other public building, any goods or chattels or other thing of value belonging thereto, . . . he shall be confined in the penitentiary not less than two nor more than ten years." Buildings of the kind are described in this section of the statute are usually unoccupied, and consequently easily and safely despoiled by trespassers. The purpose of the statute was to prevent the removal from public buildings of appendages and appurtenances belonging to the building itself, and used in connection with the building; for instance, chandeliers, doors, windows, tables, benches, chairs and such like. In our opinion, the statute has no application to a pile of loose

Fletcher v. Commonwealth.

lumber, which did not belong to and was not to be used in any way in connection with the building itself. Besides, in our opinion, it is conclusively shown by the testimony in this case that the appellant did not remove the planks from the building with a felonious intent. There was not the slightest attempt at concealment on his part, and the voluntary restoration by him to the church of other planks of substantially the same kind and value is wholly inconsistent with any purpose on his part to commit a crime. The inconsiderable value of the plank removed is also material evidence, in our opinion, of a lack of criminal intent. While the defendant was perhaps technically guilty of illegally appropriating personal property, the evidence wholly fails to make out a criminal intent on his part in so doing. We think the trial court erred in overruling the motion at the close of the evidence for the Commonwealth for a peremptory instruction to the jury to find him not guilty.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.